**CHICAGO, DULUTH & GEORGIAN BAY TRANSIT COMPANY, an Indiana corporation, Plaintiff,**

v.

**Louis M. NIMS, State Commissioner of Revenue of the Michigan Department of Revenue, Defendant.**

Civ. A. No. 13202.

United States District Court
E. D. Michigan S. D.
April 23, 1956.

Lucking, Van Auken & Schumann, Howell Van Auken, Fred J. Schumann, Detroit, Mich., for plaintiff.

Thomas M. Kavanagh, Atty. Gen., T. Carl Holbrook, William D. Dexter, Donald K. Goulais, Asst. Attys. Gen., for defendant.

THORNTON, District Judge.

Chicago, Duluth & Georgian Bay Transit Company, an Indiana corporation, has brought this action against the State Commissioner of Revenue of the Michigan Department of Revenue to obtain relief against what it conceives to be threatened injury to it through the anticipated imposition of assessment of tax deficiencies.

The tax involved is the Michigan Sales Tax, which has been described by the Supreme Court of Michigan as

"a tax imposed upon the seller for the privilege of making retail sales within the State of Michigan and is measured by the gross proceeds of such sales." Detroit & Cleveland Navigation Company v. Michigan Department of Revenue, 342 Mich. 234, 238, 69 N.W.2d 832, 834.

Plaintiff asks this Court to declare said tax act inapplicable to it or, if applicable, that the act is violative of the commerce clause of the Constitution of the United States, Article 1, Section 8, Clause 3, and asks also that the Court grant appropriate relief.

Jurisdiction is invoked on two separate grounds. The first is diversity of citizenship, the requisite jurisdictional amount being present; the second is the presence of a federal question.

Defendant has filed a motion to dismiss which is the matter presently under consideration, as well as the matter of the propriety of a three-judge court. Argument has been presented by able counsel for both sides, and scholarly briefs submitted successively by said counsel, so that the Court has had the benefit of a thorough presentation of this preliminary phase of the controversy. After dealing with the bases of the defendant's motion to dismiss, we may find that we do not reach the question of a three-judge court. Such a court is asked only in the event we hold that the statute applies to plaintiff's sales, in which event plaintiff claims the statute to be unconstitutional. We therefore proceed to discuss the grounds urged by defendant in support of his motion.

Preliminarily we summarize the proceedings to date. Plaintiff's bill of complaint was filed on February 10, 1954. The next day it filed a motion for preliminary injunction. A motion to dismiss was filed by defendant on February 26, 1954. A hearing was had on March 15, 1954, and a preliminary injunction issued March 31, 1954. In the order granting the preliminary injunction it was provided that all proceedings in this action be stayed and held in abeyance pending decision by the Supreme Court of the State of Michigan in the case of Detroit & Cleveland Navigation Company v. Michigan Department of Revenue, 342 Mich. 234, 69 N.W.2d 832, hereinafter referred to as the D & C case, it having been represented to the Court by the parties to this litigation that the issues in that case were almost, if not exactly, identical to those in the instant case. The D & C case was decided in April of 1955, and in October of 1955 oral argument was had in this court on the motion to dismiss filed herein, after which the parties requested leave to file briefs, the last of which was submitted January 27, 1956.

In support of his motion to dismiss, the defendant urges, in substance: (1) that the suit is premature because no sales tax deficiency has been actually assessed against plaintiff, nor has plaintiff been notified of any such intent; (2) that in the event plaintiff should be so notified, it has available plain, speedy and adequate remedies under the sales tax act which it must exhaust before resorting to the Federal courts; and (3)

that plaintiff's bill of complaint sets forth no grounds for substantive relief before this Court in the light of the decision in the D & C case, this last ground being advanced by amendment to defendant's motion to dismiss as originally filed.

There is no disagreement between the parties as to whether the assessment has or has not been made. It has not been made, nor has the notice of intention to levy been issued, in accordance with the statute. Defendant contends that until actual assessment there is no controversy existent in this cause. Plaintiff's contention is that there is such strong possibility of assessment that a court of equity has jurisdiction to intervene to prevent the threatened injury. Defendant's agents have made audits of plaintiff's books and there has been some indication that oral representations have been made of defendant's intention to levy deficiency assessments. Both parties have cited numerous authorities which each claims supports its contention with respect to the prematurity of this suit. Directly tied into the discussion of prematurity is the second ground urged by defendant in support of his motion to dismiss, namely, the necessity of plaintiff's exhausting the plain, speedy and adequate remedies available to it under the sales tax act. In opposition to defendant's contention on this ground plaintiff argues that if it must wait for the actual notice of intent to file the assessment, there are open to it under the laws of the State of Michigan certain procedures for contesting said assessment but, the plaintiff argues, these procedures are such that they do not provide a plain, speedy and adequate remedy within the meaning of 28 U.S.C.A. § 1341, which reads as follows:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The third ground urged by defendant is the decision of the Michigan Supreme Court in the D & C case, supra. We deem it pertinent to discuss that decision briefly. The plaintiff there paid the sales tax after an adverse decision by the State board of tax appeals, and then brought suit in the court of claims to recover the amount paid. The court of claims found that plaintiff's sales were subject to the Michigan sales tax, and the Michigan Supreme Court affirmed. In that case the situation was that of the operation by plaintiff, a Michigan corporation, of a line of passenger ships over five routes, broken down into the Buffalo division; Cleveland division; Put-in Bay, Ohio, and Lake division; Midweek cruise; and Weekend cruise. In each of the first three divisions the ships involved either started from or arrived at destinations other than points in Michigan. In the Midweek cruise division, the steamer left Detroit and returned to Detroit, having stopped at Midland, Ontario, as well as two other Michigan ports. The Weekend cruise division left Detroit and returned to Detroit with stops having been made at two other Michigan ports. During the voyages in each division plaintiff sold food, liquor, postal cards and novelties. The sales were made in some cases in Michigan waters, some in Canadian and other waters. In computing the sales tax, calculation was made of the percentage of time spent by the vessels of each division in Michigan waters and such percentage was then applied to the gross amount received from sales of food, liquor, postal cards and novelties. Plaintiff there asserted that all sales on all trips were made in interstate or foreign commerce, and that the sales tax, despite apportionment, was violative of the commerce clause of the Federal Constitution. The Michigan Supreme Court was of the view that there was no violation of the commerce clause in this situation. It conceded that

> "a tax based upon gross receipts is not valid, however apportioned, if the transaction taxed is essentially a part of, and inseparable from, interstate commerce. Where, how-

ever, the activity is deemed sufficiently 'local' in character, it may be subject to a tax if that tax is properly apportioned and allocated to prevent the imposition of a multiple burden, and is non-discriminatory. The primary inquiry concerns the relationship of the transaction taxed to interstate commerce, or in this case, whether the sale of tangibles on a steamship traveling in interstate or foreign commerce is a sufficiently 'local' activity, apart from the transportation of passengers, to be subject to taxation." Detroit & Cleveland Navigation Company v. Michigan Department of Revenue, 342 Mich. 234, 241, 69 N.W.2d 832, 835.

The instant matter before this Court presents a situation of plaintiff, a foreign corporation, engaged in the operation of two steam vessels, the S.S. North American and the S.S. South American, cruising the Great Lakes during the summer season. The schedule [1] shows the itinerary of the S.S. North American as follows—*Eastbound* leaves Chicago, Illinois; next Mackinac Island, Michigan; next Midland, Ontario (or Sault Ste. Marie, Ontario); next Detroit, Michigan; last Buffalo, New York. The *Westbound* schedule is—Buffalo, New York; Cleveland, Ohio; Detroit, Michigan; Mackinac Island, Michigan; and Chicago, Illinois. The S.S. South American has a comparable schedule if Duluth, Minnesota, be substituted for Chicago, Illinois, as one terminus. The material facts in the present case are not in dispute. Unlike the D & C Company, this company includes the price of meals in its ticket of transportation as well as cost of sleeping accommodations and entertainment—a "package" trip in today's parlance.

In approaching the problem which exists at this initial phase of the controversy, this Court must not be unmindful of certain established policy which is based upon the reluctance of Federal courts to interfere with the operation of State administrative functions. It is to be presumed that State courts are as zealous in guarding Federal constitutional rights as are Federal courts, and that State courts will be as assiduous as Federal courts in declining to uphold State administrative action which is violative of Federal constitutional rights.

Insofar as the issue of prematurity is concerned, we are inclined to the view that the fact of the nonexistence of the actual assessment is not a bar to plaintiff's action. The realities of the procedures utilized to date by the agents of defendant show an unmistakable intention to proceed with the assessment. In City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 34, 54 S.Ct. 259, 263, 78 L.Ed. 628, the Supreme Court of the United States held that the fact that an appraisement had not been made and properly certified did not justify a holding of prematurity—

"The Commonwealth's law officers plainly intend to perform what they consider their duty, and will, unless restrained, cause the assessment and imposition of the tax. The action, the legality of which is challenged, thus appears sufficiently imminent and certain to justify the intervention of a court of equity. Compare Com. of Pennsylvania v. West Virginia, 262 U.S. 553, 592, 43 S.Ct. 658, 67 L.Ed. 1117. Moreover, no purpose would be served by dismissing the bill, if, as we hold, the moment the proposed assessment is made another suit may be instituted in the federal court."

The Supreme Court thereupon remanded the case to the District Court for a hearing on the merits. Because of the nature of the proceedings available in the State of Pennsylvania whence that cause arose, and the limitations found therein, the Supreme Court of the Uni-

---

1. The 1953 schedule is used as being typical, as it has been so considered by the parties. See first paragraph on page 7 of defendant's motion to dismiss.

ted States deemed the available State relief to be inadequate. The same limitations do not exist with respect to the relief available through State procedures in the State of Michigan.

■ Without going into detail with respect to the remedies available, both within the Sales Tax Act, Comp.Laws 1948, § 205.51 et seq., and under the general laws of the State of Michigan, we are of the view that in the exercise of our jurisdiction we must consider the propriety of Federal injunction enjoining proposed State administrative action at this stage in these proceedings. It has been held by the Supreme Court of the United States that when friction with State policies is involved "the usual rule of comity must govern the exercise of equitable jurisdiction". Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 350, 71 S.Ct. 762, 768, 95 L.Ed. 1002.

■ We have been left with the strong impression that both parties to this action take the position that the decision in the D & C case is one that is equally applicable to the instant case, and that the Michigan Supreme Court would hold the sales tax act equally applicable to plaintiff's sales. After studying the D & C opinion we are far from convinced of this. Plaintiff says that defendant is attempting to tax all sales of food made in Michigan waters by plaintiff, and that defendant is using a formula similar to that used in the D & C case, based on the amount of time plaintiff's vessels are in Michigan waters. Yet, it appears that plaintiff does not make a single "sale" of meals to its passengers while the ships are cruising. It sells a ticket to its passengers, presumably prior to embarkation, which covers transportation, meals and entertainment. It then proceeds to furnish meals to its passengers during its cruises, which it became obligated to do upon the sale of the tickets. In the D & C case, 342 Mich. at page 241, 69 N.W.2d at page 835, the Court states as follows:

"It is conceded that sales are made in Michigan waters. Some are made while a boat is docked, but most are made during the course of the journey. It is possible that in some instances the food is ordered in Michigan, consumed in Canada, and paid for in Ohio. However, the sales tax applied only to those sales 'within the State.' The formula utilized purports to reach only such sales."

Quoting further from the same opinion, 342 Mich. at page 242, 69 N.W.2d at page 836:

"However, a sale, where consummated locally, though incidentally involved with interstate commerce has been held a taxable local activity. [Citations omitted.] We see no reason to alter such a view because the sales are made upon a boat which is moving in interstate or foreign commerce. The sales reached are those made in Michigan waters in the presence of both buyer and seller. It is the sales transaction and the privilege of making it that were taxed, not the transportation."

How can any of the above statements be said to be applicable to plaintiff? We are unable to see how sales of meals are made in Michigan waters. Meals are *served* some of the time in Michigan waters, true. And there may be sales of postcards and novelties in Michigan waters. The Court in the D & C case emphasizes the fact that the sales there were *made* in Michigan waters. It is far from apparent to us that it would say the same as to plaintiff's meals which are *served* often in Michigan waters.

Before we undertake a discussion of the applicability or inapplicability of the Michigan Sales Tax Act to any of plaintiff's operations we deem it appropriate to have some further indication from the State of Michigan as to applicability, and we do not agree with respective counsel that the D & C decision is such indication, for the reasons above set forth. To the extent that passengers purchase

cruise tickets in the State of Michigan there may well be a sale of food made at that time in the State. We have not been presented with any argument of counsel as to that aspect of the situation.

We reach the conclusion that this Court has jurisdiction of the cause herein, but that in the light of the rule of comity with respect to Federal intervention in a cause such as this, we should decline to exercise our jurisdiction at a time when the State has had no opportunity to afford whatever relief it deems appropriate. We will not order the cause dismissed, however, but will retain jurisdiction for whatever purpose we may in the future deem necessary.

An order may be presented accordingly.