**CHICAGO, DULUTH & GEORGIAN BAY TRANSIT COMPANY, Appellant,**

v.

**Louis M. NIMS, State Commissioner of Revenue of the Michigan Department of Revenue, Appellee.**

No. 13152.

United States Court of Appeals
Sixth Circuit.

Feb. 15, 1958.

318

Howell Van Auken, Detroit, Mich. (Fred J. Schumann, Detroit, Mich., on the brief; Lucking, Van Auken & Schumann, Detroit, Mich., of counsel), for appellant.

Samuel J. Torina, Lansing, Mich. (Thomas M. Kavanagh, Edmund E. Shepherd, Lansing Mich., on the brief), for appellee.

Before MILLER and STEWART, Circuit Judges, and BOYD, District Judge.

STEWART, Circuit Judge.

This action was commenced in the District Court for the Eastern District of Michigan by the appellant, Chicago, Duluth & Georgian Bay Transit Company, hereinafter the Company, to enjoin the appellee, Commissioner of Revenue of the State of Michigan, hereinafter the Commissioner, from attempting to collect the Michigan General Sales Tax, Comp.Laws 1948, § 205.51 et seq.; § 7.521 et seq., Mich.Stat.Anno., upon the value of meals served by the Company from 1948 to 1953 to passengers traveling on its ships in interstate and international commerce.

During the years in question the Company operated two cruise vessels on the Great Lakes during the summer season. The routes of these vessels took them through waters adjacent to the states of Michigan, Illinois, Minnesota, New York, Ohio, and the Province of Ontario. A few of the passengers on these vessels traveled only between points in Michigan, but the major part of the passenger traffic was interstate or international in character. The price of meals regularly served to passengers was not charged separately, but was included without segregation in the total fare which they paid. The Commissioner calculated that fifty percent of the meals served on the cruises were served while the ships were in Michigan waters, and computed the tax upon this fraction of the total revenue received by the Company from dispensing food and beverages.

In its complaint and motion for a temporary injunction the Company asked that the district court hold the tax statute inapplicable to food and beverages served to its interstate passengers. In the event that the court should hold that the statute was applicable, it was asked that a three judge district court be convened pursuant to 28 U.S.C.A. §§ 2281-2284, to pass upon the Company's contention that the statute as so construed would amount to an unconstitutional burden upon interstate commerce. The complaint alleged that Michigan did not provide a plain, speedy and efficient remedy to contest the imposition of the tax. By agreement of the parties the court entered an order granting a stay of the action and temporarily enjoining enforcement of the tax pending decision by the Supreme Court of Michigan of a case then pending before it which was thought to involve similar issues.

In April, 1955, the Supreme Court of Michigan held in favor of the Commissioner in that case. Detroit & Cleveland Navigation Company v. Michigan Department of Revenue, 342 Mich. 234, 69 N.W.2d 832. The Michigan court held that sales of food, beverages and other intangibles to passengers on board a vessel in Michigan waters were within the scope of the Michigan Sales Tax Act and that the Act as so construed did not violate the Federal Constitution. The sales

in that case, however, were made at retail, unlike the situation in the present case, where all regular meals were included in the price of the passage.

█ After this decision by the Michigan Supreme Court further proceedings were had in the present case, culminating in an order by the district court dissolving the temporary injunction but denying the Commissioner's motion to dismiss the complaint. The district court did not construe the statute nor did it pass upon the request for a three judge court to determine the constitutionality of the tax. Though concluding that it had jurisdiction of the cause, the court held that in view of established rules of comity, it should decline to exercise its jurisdiction until Michigan had given "some further indication" as to the applicability of the sales tax statute to the Company's operation. The court expressed the view that the Michigan court's decision in the Detroit & Cleveland case was not decisive of the present case because of the factual distinctions pointed out. The district court retained jurisdiction "for whatever purpose we may in the future deem necessary." 140 F.Supp. 920, 925. For the reasons which follow we hold that the action taken by the district court was correct.

We overrule at the outset the Commissioner's motion to dismiss the appeal. The district court's order dissolving the injunction was clearly appealable under the terms of 28 U.S.C.A. § 1292(1).[1] That being so, it matters not that the order was not a final decision or that it did not have an irreparable effect on the rights of the parties. Cf. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L.Ed. 1528.

In urging that the order of the district court be set aside, the Company argues that the court erred under the circumstances of this case in concluding that comity required that it decline to exercise its jurisdiction. The Company contends that no effective state remedy is available to test the validity of the tax, and that the Michigan Supreme Court having now in effect decided in the Detroit & Cleveland case that the tax statute applies to meals served in Michigan to the Company's interstate passengers, the district court was obliged to convene a three judge court to determine the Constitutional question.

Were we to agree with the appellant's position that a court of three judges should have been convened, it would be our duty now to dismiss the appeal for want of jurisdiction. An application to the Supreme Court for a writ of mandamus would then be available if the district judge declined to take steps to effectuate the convening of a three judge tribunal. Stratton v. St. Louis S. W. Ry., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Query v. United States, 1942, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616; but see Board of Supervisors, etc., v. Tureaud, 5 Cir., 1953, 207 F.2d 807 and compare Waddell v. Chicago Land Clearance Commission, 7 Cir., 1953, 206 F.2d 748, 750.

█ In our opinion, however, the district court was right in concluding that the Company's request for a three judge court was premature. The Company correctly asked for such a tribunal only in the event that the district court, acting individually, construed the Michigan tax statute to cover the Company's service of meals to interstate passengers. Necessarily the demand for Constitutional relief which could be afforded only by a three judge court was conditioned upon a prior finding that the Company's operations were subject to the tax under the terms of the statute itself. Having declined to make a determination as to the

---

1. "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

scope of the statute, the district court did not reach the demand for a three judge court.

■■ We cannot hold that the district court was wrong in concluding that the preliminary question as to the application of the tax to the present case was not necessarily determined by the Michigan Supreme Court's decision in the Detroit & Cleveland case. The construction of a state statute by the state's highest court is, of course, binding upon the federal courts. For this reason the Supreme Court has repeatedly ruled that if the state courts have not authoritatively construed a statute, the federal court "ought not to pass on questions of constitutionality * * * on the basis of preliminary guesses regarding local law." Spector Motor Co. v. McLaughlin, 1944, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101.

■ In the absence of clear guidance from the state courts as to the meaning of a questionable state statute, the district court acted correctly in retaining jurisdiction pending further state court proceedings. Government and Civic Employees, etc., v. Windsor, 1957, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894; Leiter Minerals v. United States, 1957, 352 U.S. 220, 228, 229, 77 S.Ct. 287, 1 L.Ed.2d 267; Albertson v. Millard, 1952, 345 U.S. 242, 245, 73 S.Ct. 600, 97 L.Ed. 983; Spector Motor Co. v. McLaughlin, 1944, 323 U.S. 101, 106, 65 S.Ct. 152; AFL v. Watson, 1945, 327 U.S. 582, 599, 66 S.Ct. 761, 90 L.Ed. 873; City of Chicago v. Fieldcrest Dairies, 1941, 316 U.S. 168, 173, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Comm'n of Texas v. Pullman Co., 1941, 312 U.S. 496, 501–502, 61 S.Ct. 643, 85 L.Ed. 971. Deference to state action is obviously wise in order to avoid a Constitutional decision which could be rendered unnecessary by a subsequent state court interpretation of the statute in a

manner not repugnant to the Constitution. Morey v. Doud, 1957, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485, relied upon by the Company, is not inconsistent with this principle of comity. There the same Constitutional objections raised in the federal court had been considered by the state court in a prior action attacking the validity of the statute in question.

The present case is strikingly similar to Spector Motor Co. v. McLaughlin, supra. There the plaintiff brought an action in the district court asking for the same relief as did the Company here— that collection of the state tax be enjoined either on the ground that the tax statute did not apply to the plaintiff's interstate business or, if the statute were held to cover this business, that it be held unconstitutional as a burden on interstate commerce. The district court held that the tax did not apply to plaintiff's business. The court of appeals reversed, holding the tax applicable and sustaining its Constitutionality. The Supreme Court vacated the judgment of the court of appeals and remanded the case to the district court with directions to retain jurisdiction pending an authoritative construction of the tax statute by the state court. 323 U.S. at page 106, 65 S. Ct. 152.[2]

Finally, the Company contends that the remedies available under the law of Michigan are inadequate.[3] The substance of this argument is not the lack of available Michigan procedures to secure a judicial determination of the scope of the statute and its Constitutionality as applied in this case, but that there is no way to prevent payment of the tax pending such determination. Cf. Georgia Railroad & Banking Co. v. Redwine, 1950, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335.

The Commissioner's answer to this contention is that he has agreed that no action will be taken to collect the taxes in

2. For the final chapter in the Spector case see, 1951, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573.

3. "§ 1341. Taxes by States. The district courts shall not enjoin, suspend or restrain the assessment, levy or col-

lection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." June 25, 1948, c. 646, 62 Stat. 932. 28 U.S.C.A. § 1341.

question until final adjudication of the merits of this controversy. There is no claim by the Company of any present indication that the Commissioner intends to take action inconsistent with this agreement. Suffice it to say that the continuing jurisdiction of the district court will be available in the event these circumstances change.

The order of the district court is affirmed.