**GENERAL FOODS CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Carl HENDERSON, Chief of the Consumer Division of the Health and Social Services Department of the State of New Mexico, and the State of New Mexico, Defendants.**

**Civ. No. 9029.**

United States District Court,
D. New Mexico.

Oct. 1, 1971.

Fred M. Standley, Standley, Witt & Quinn, Santa Fe, N. M., for plaintiff; Murray D. Sayer, White Plains, N. Y., Ellis Arnall, Elliott H. Levitas, Arnall, Golden & Gregory, Atlanta, Ga., of counsel.

David L. Norvell, Atty. Gen., State of New Mexico, by R. Russell Rager, Sp. Asst. Atty. Gen., of Grantham, Spann, Sanchez & Rager, Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter is before the Court upon plaintiff's Motion to remand the action to the District Court of Santa Fe County. Because of the unusual circumstances surrounding the case, a rather detailed exposition of what has transpired is necessary.

The plaintiff General Foods Corporation had been selling in New Mexico a product called "Thick and Frosty." Petitioner-defendant Carl Henderson, Chief of the Consumer Division of the State of New Mexico, notified General Foods that he had determined that its product was a filled dairy product within the meaning of N.M.Stat.Ann. § 52–2–7 (1953) and that, therefore, it could not be offered for sale within the state under N.M.Stat.Ann. § 52–2–8 (1953). He further advised the plaintiff that he intended to enforce the Act's provisions pursuant to N.M.Stat.Ann. § 52–2–10 (1953), and that the plaintiff should govern itself accordingly.

Instead of the voluntary removal of its product from the New Mexico market, the plaintiff filed an action in the state court, seeking a declaration that its product is not a filled dairy product within the meaning of Section 7 of the Act. Alternatively, it alleged that, if its product does fall within the meaning of the Act, the statute violates the state constitution in several particulars, that it violates the Fourteenth Amendment of the United States Constitution and that it is a constitutionally impermissible burden on interstate commerce, so that its enforcement should be permanently enjoined.

The defendants Henderson and the State of New Mexico then removed the action to the federal court on the basis that substantial federal questions were involved and further applied for the convening of a three-judge court pursuant to 28 U.S.C.A. §§ 2281–84.

The plaintiff subsequently joined in the defendants' application for a three-judge court.

Upon its review of the application, this court had doubts about the propriety of asking the chief judge of the circuit to designate a three-judge court and so advised counsel.

The plaintiff then filed the motion presently under consideration, alleging

in support thereof that one threshold question, i. e., the question of whether its product comes within the purview of the Filled Products Act, is an unresolved question of state law which should be decided by a state court, as should its charge that the statute violates the state constitution. Therefore, it is asserted the action in federal court is premature, for the federal questions in the case can be ripe for decision only if the statute is found to cover its product and to be constitutional under the state constitution. Pursuant to this reasoning, plaintiff also requested that it be allowed to withdraw its joinder in the application for a three-judge court.

In their response to plaintiff's motion to remand, the defendants conceded that the threshold question is as stated by plaintiff and that it does present issues unresolved by the state judiciary, but they did not agree that the action is in this court prematurely. They argue that removal was proper because of the substantial federal questions involved and that a three-judge court can hear and decide the federal claims and the pendent state claims.

In addition to their contention that remand cannot be had under the circumstances of this case, defendants also asserted that this court has no jurisdiction to decide whether it can utilize the alternative of abstention, for this is a question which must be decided by a three-judge panel. Both sides apparently agree that, if the case is properly in this court, a three-judge panel must be convened.

In sum, the posture of the matter before the court is as follows. The defendants have threatened to enforce against plaintiff a state statute which they say applies to its product. Plaintiff has countered by seeking a determination in state court that they are wrong and, if this claim should fail, a determination that the statute violates either the state constitution or the Federal Constitution, or both. The resident defendants have met this effort by removing the case on the ground of a federal question and by seeking to have the issues determined by a three-judge court. There is no litigation on the matter presently pending in the state court because of the removal of the case to this court by state officials.

The action could have been originally filed in this court, and no impediment to its removal is seen by a perusal of the pleadings. This court does have jurisdiction, and plaintiff's contention that it does not is incorrect. Remand is therefore inappropriate.

The difficult question in a case in the posture of the present one is whether this court should now request the Chief Judge of the Tenth Circuit to designate a three-judge court to hear and decide the entire case. For the reasons discussed below, it is concluded that no such request should be made for the present.

As indicated above, both sides agree that the question in the case which must first be determined is whether the state statute, properly construed, applies to plaintiff's product. Further, both sides agree that the statute here in question has never been construed by any court of the state. If the statute is inapplicable to plaintiff's product, the answer to the question of local law resolves the controversy between the parties.

Only if the statute is found applicable to plaintiff's product are the challenges based upon the state constitution and the Federal Constitution germane.

Under such circumstances, the request for a three-judge court is premature. Chicago, Duluth & Georgian Bay Transit Co. v. Nims, 252 F.2d 317 (6th Cir. 1958). This court does indeed lack the power to abdicate for a three-judge panel its responsibility to hear and decide whether a statute should be enjoined for contravention of the Federal Constitution, and that is not what is attempted here. However, this court does have the power to retain jurisdiction and to stay the present proceedings for a brief interlude so that the state may have the

opportunity to construe its statute, which construction would be authoritative and binding upon the federal courts. Spector Motor Service v. McLaughlin, Bay Transit Co. v. Nims, *supra*. It be- 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944); Chicago, Duluth & Georgian lieves that it should do so.

Idlewild Bon Voyage Liquor Corp. v. Epstein et al, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); and Florida Lime and Avocado Growers v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); relied on to support the contention that a three-judge court is appropriate, are not controlling in the circumstances of the present case. In *Idlewild Bon Voyage Liquor Corp., supra*, there is no count in the complaint dealing with the question of the construction of unresolved state law. The challenge, rather, is premised solely upon the statute's repugnance to the Federal Constitution, and the relief sought is solely injunctive. In *Florida Lime and Avocado Growers, supra*, the state statute involved is, again, challenged on the basis of its repugnance to the Federal Constitution, as well as its conflict with a federal statute, and, again, the only relief sought is injunctive.

Chicago, Duluth & Georgian Bay Transit Co. v. Nims, *supra*, is most like the present case. It presented an identical threshold question, i. e., whether the Michigan statute applied to the plaintiff's business. In that case, plaintiff asked that a three-judge court be convened only in the event that the statute was found applicable. A stay was entered pending the decision in a state court case thought to be controlling. When that decision turned out not to be in point, the federal court still declined to exercise jurisdiction in view of established rules of comity, and, on appeal, the Sixth Circuit concurred, stating that deference to state action was wise in order to avoid making a constitutional decision that might later be rendered unnecessary by a subsequent state court

interpretation of the statute. *Id.* 252 F.2d at 320.

The fact of a threshold state question in the present case sufficiently distinguishes it from Idlewild Bon Voyage Liquor Corp. v. Epstein, *supra,* and makes the rule of that case inapplicable.

This court is of the opinion that the procedure followed in the *Chicago, Duluth & Georgian Bay Transit Co.* case is proper under the circumstances of the present case. The request for a three-judge court is by the defendants in the present case, and the plaintiff joins in that request if the case is not remanded. This is somewhat different from the *Chicago, Duluth & Georgian Bay Transit Co.* case, but the present case is now in the posture that that case ultimately came to stand in as to the propriety of convening a three-judge court. Its similarity to the Sixth Circuit case makes the distinction between that case and the *Idlewild Bon Voyage Liquor Corp.* case equally applicable here. Idlewild Bon Voyage Liquor Corp. v. Epstein, *supra* 370 U.S. at 715, n. 3, 82 S.Ct. 1294. This distinction applies with equal force to a comparison of the present case and *Florida Lime and Avocado Growers, supra.*

■ Because there is no litigation presently pending in the state courts of New Mexico by which can be tested plaintiff's state claims, the court will enter a thirty day stay so that action may be initiated in the state court to test the applicability of the state statute to plaintiff's product.

In regard to such a filing, attention should be directed to the procedure and consequences outlined in England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L. Ed.2d 440 (1963), and alluded to in Midwest Video Corp. v. Campbell, 250 F. Supp. 158, 163 (D.N.M.1965). The Court will retain jurisdiction over the action for whatever purpose that may in the future be deemed necessary.

An Order in accordance with this Memorandum Opinion will be entered herein.