**Walter J. FLECK et al., Plaintiffs,**

v.

**Warren SPANNAUS et al., Defendants.**

**No. 3–75 Civ. 178.**

United States District Court,
D. Minnesota,
Third Division.

March 19, 1976.

John R. Kenefick, Briggs & Morgan, St. Paul, Minn., together with Maurice J. McCarthy, Ettelson, O'Hagan, Ehrich & Frankel, Chicago, Ill., for plaintiffs.

Warren Spannaus, Atty. Gen., State of Minnesota by James P. Gerlach, Richard S. Slowes, and Kathryn Rush, Sp. Asst. Attys. Gen., St. Paul, Minn., for defendants.

## MEMORANDUM ORDER

ALSOP, District Judge.

Plaintiffs have commenced the above-entitled action challenging the validity and enforceability of the Minnesota Private Pension Protection Act, Minn.Stat. § 181B.01 *et seq.* (1974) (hereinafter the "Minnesota Pension Act"). The matter is presently before the court on motions by plaintiffs and defendants.

Plaintiffs Walter J. Fleck and Edyth A. Hamler are citizens and residents of Illinois who are salaried employees of the corporate plaintiff, Allied Structural Steel Company. Plaintiff E. A. Richert is a citizen and resident of Illinois who is presently acting as Fiduciary of the Allied Structural Steel Company Salaried Employees' Pension Plan. Allied Structural Steel Company (hereinafter "Allied") is a Delaware corporation with its principal place of business in Indiana.

The individual defendants are various state officials whose duties include enforcing the Minnesota Pension Act. Warren Spannaus is the Attorney General; E. I. Malone is the Commissioner of Labor and Industry; and Phyllis Speil-

man is the Administrator of the Pension Protection Division of the Department of Labor and Industry. Also named as a defendant is the Allied Structural Steel Company Salaried Employees' Pension Plan (hereinafter "Pension Plan").

Allied is in the business of fabricating and erecting structural steel, both for intrastate and interstate commerce. In August of 1963, Allied instituted a pension plan for the benefit of its salaried employees. Under the provisions of the pension plan, a salaried employee is entitled to full vesting of his pension for early retirement purposes if: (1) he has worked fifteen continuous years and has attained the age of 60; or (2) after he has attained the age of 55 and has worked 20 continuous years, or a lesser number of continuous years of service, which when added to his age equals the sum of 75; or (3) before reaching age 55, he has at least 25 or more years of continuous service such that the sum of his age and continuous years of service equal 80.

For many years Allied has maintained a division office within Minnesota. The Minnesota office is engaged in the erection of steel structures, such as bridges, in 30 states as well as Minnesota. Allied has begun to phase out its division office and on July 31, 1974 it discharged 11 of its 30 salaried employees in Minnesota. At the time the complaint in the present action was filed, 17 salaried employees in Minnesota still remained employed by Allied and were subject to its pension plan.

On April 10, 1974 the Minnesota Pension Act was enacted into law providing for vested pension benefits for employees after 10 years of service with enforcement provisions directly against the employer. See *White Motor Corp. v. Malone*, 412 F.Supp. 372 (D.Minn.1976). Pursuant to the provisions of the Minnesota Pension Act the defendant officials have sought to assess a funding charge against plaintiff Allied to provide benefits for the Minnesota employees whose employment has been terminated.

Plaintiffs are challenging the Pension Act on three grounds contending: (1) it is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (hereinafter, "ERISA"); (2) it became null and void by its own terms when ERISA was enacted; and (3) it is in violation of numerous provisions of the United States Constitution.

Plaintiffs have moved the court for a preliminary injunction, summary judgment and the convening of a three-judge court all on the above-stated grounds. Defendants have requested the court to abstain in order to permit the state law here being challenged to be construed by the state court.

Since the plaintiffs are seeking injunctive relief against state officials, the court's power to grant a preliminary injunction or summary judgment becomes intertwined with the consideration of convening a three-judge court. Under *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), the court must first examine the claims which it can dispose of as a single judge, before considering the necessity of convening a three-judge court. Accordingly the court will first examine the plaintiffs' statutory claims and then consider its request for a three-judge court.

### PREEMPTION

A challenge to a state statute based on preemption usually involves an examination of both the federal and state statutes to determine whether they are in conflict. *Perez v. Campbell*, 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233, 239 (1971). This task is simplified where the challenge to the state law is based on ERISA which contains a specific provision on preemption. 29 U.S.C. § 1144 provides:

*Other laws*

*Supersedure; effective date*

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of

this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

*Construction and application*

(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.

■ Not only has Congress specifically indicated when ERISA would preempt state laws, but it also permitted states to pursue causes of action which arose prior to the date that ERISA became preemptive. The facts giving rise to the State's cause of action occurred prior to January 1, 1975 and plaintiffs brought the present action in December, 1974 to prevent defendants from attempting to enforce the Pension Act. Based on the preemption provision, the court concludes that Minnesota's attempt to enforce its Pension Act has not been preempted by ERISA. Nor is the court persuaded that the retroactivity of some of ERISA's provisions would require a finding of preemption under the existing facts. Accordingly, plaintiffs' motion for preliminary injunction and summary judgment on the grounds of preemption will be denied.

*MINNESOTA PENSION ACT'S NULL AND VOID PROVISION*

Minn.Stat. § 181B.17 provides in relevant part:

". . . [S]ections 181B.01 to 181B.17 [the Minnesota Pension Act] shall become null and void upon the institution of a mandatory plan of termination insurance guaranteeing the payment of a substantial portion of an employee's vested pension benefits pursuant to any law of the United States.

Plaintiffs contend that with the enactment of ERISA on September 2, 1974 the Minnesota Pension Act became null and void. Defendants deny that the null and void provision would necessarily take effect at that time and contend that in any event a federal court should abstain from construing the provision until a state court has had an opportunity to construe it.

The clause sought to be construed is a state enactment and does not present a federal question. It is purely a question of state law. If a state court construes the provision so as to determine that the Minnesota Pension Act became null and void on September 2, 1974, it could eliminate the necessity of ruling on the constitutional questions surrounding the Pension Act.[1]

■ Where a state statute is susceptible to a clarifying construction that would alter or eliminate the constitutional question, abstention is justified. *Lake Carriers' Ass'n. v. MacMullan*, 406 U.S. 498, 510, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257, 268 (1972); *Zwickler v. Koota*, 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444, 450 (1967).

It has been stated that

". . . regard for the respective orbits of State and federal tribunals is the best of reasons, as a matter of judicial administration, for requiring a definitive adjudication by the . . . [State] courts . . . ."

*Propper v. Clark*, 337 U.S. 472, 497, 69 S.Ct. 1333, 1347, 93 L.Ed. 1480, 1498 (1949) (dissenting opinion, Frankfurter, J.)

However, abstention by a single judge, where a three-judge court is also being sought, could prevent the constitutional issues from being presented to a three-judge court in plaintiffs attempt to enjoin the actions of the defendants. The effect would be for a single judge to deny relief which only a three-judge court could properly deny.

---

1. A case is currently pending before the Minnesota Supreme Court which might result in a construction of Minn.Stat. § 181B.17. *Harris v. Bolin et al*, File No. 46465.

■ Where the plaintiffs have requested a three-judge court, the single judge's inquiry is limited to applying the jurisdictional criteria. *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794, 796 (1962).

Moreover, abstention is

". . . not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers."

*Bagget v. Bullitt,* 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 12 L.Ed.2d 377, 387 (1964).

■ Under such circumstances, the decision of whether or not to abstain should be made by the three-judge court, not by the single judge. *See* Nielsen, Judge, *Three-Judge Courts: A Comprehensive Study,* 66 F.R.D. 495, 503 (1975); *But see Cooper v. Meskill,* 376 F.Supp. 731 (D.Conn.1974).

Plaintiffs' request for a three-judge court herein is broader in scope than the request in *Chicago, Duluth & Georgian Bay Transit Co. v. Nims,* 252 F.2d 317 (6th Cir. 1958), cited by defendants. There, plaintiffs specifically conditioned their request for a three-judge court upon a prior finding of applicability of the challenged statute. The single judge abstained from construing the applicability of the statute and no constitutional question could be raised without his prior construction. In the present case, constitutional questions exist without the construction of the state statute. The court's abstention at this juncture could deny a proper hearing on those constitutional questions.

*REQUEST FOR THREE–JUDGE COURT*

■ Upon application for a three-judge court, the single judge's inquiry is limited to determining (1) whether the constitutional question is substantial, (2) whether the complaint at least formally alleges a basis for equitable relief, and (3) whether the case otherwise comes within the requirements of the three-judge statute. *Idlewild Bon Voyage Liquor Corp. v. Epstein, supra,* 370 U.S. at 715, 82 S.Ct. at 1296, 8 L.Ed.2d at 796; *Abele v. Markle,* 452 F.2d 1121, 1125 (2d Cir. 1971); *Three-Judge Courts: A Comprehensive Study, supra,* at 506.

1. Substantial Constitutional Question

The test for determining the substantiality of a constitutional question for convening a three-judge court was authoritatively stated in *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36, 42 (1973):

"Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. 'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' *Bailey v. Patterson,* 369 U.S. [31], at 33, 82 S.Ct. [549] at 551 [7 L.Ed.2d 512], 'wholly insubstantial,' *ibid.*; 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore,* 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); and 'obviously without merit,' *Ex parte Poresky,* 290 U.S. 30, 32, 54 S.Ct. 3, 4–5, 78 L.Ed. 152 (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words impart that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' *Ex parte Poresky, supra,* at 32, 54 S.Ct. at 4, quoting from *Hannis Distilling Co. v. Baltimore, supra,* 216 U.S. at 288, 30 S.Ct. at 327; see also *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103,

105–106, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909)."

Plaintiffs have attacked the Pension Act on the following constitutional grounds: (1) for unreasonable regulation of interstate commerce in violation of Article I, Section 8; (2) for impairing the obligation of an existing contract in violation of Article I, Section 10; (3) for depriving plaintiffs of property without due process of law in violation of Section 1 of the Fourteenth Amendment; and (4) for unreasonable, arbitrary and invidious classification in violation of Section 1 of the Fourteenth Amendment.

■ The court is not persuaded that the authorities relied on by defendants "inescapably render the [plaintiffs'] claims frivolous." Therefore the court concludes that a substantial constitutional question is raised by plaintiffs' complaint sufficient to convene a three-judge court.

2. Basis for Equitable Relief

■ It is proper for a single judge to determine whether an application for injunctive relief alleges facts which, if taken as true, adequately demonstrate irreparable injury and an inadequate remedy at law. *Pierre v. Jordan*, 333 F.2d 951, *cert. denied*, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965); *Harrington v. Arceneaux*, 367 F.Supp. 1268, 1270 (W.D.La.1973); *Hill v. Nelson*, 272 F.Supp. 790 (N.D.Cal.1967).

■ Plaintiffs are seeking an injunction against the enforcement of the Minnesota Pension Act. Defendant Malone has assessed a funding charge against Allied. The required payment of this fee could place a serious financial burden on Allied and effectively grant additional rights to the individual recipients (Minnesota residents) which are not available to some of the individual plaintiffs (non-residents of Minnesota). Since plaintiffs are challenging the defendants' jurisdiction to proceed, there is no proper remedy for them at law.

3. Requirements of the Statute

28 U.S.C. § 2281 provides in pertinent part:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute . . . ., shall not be granted by any district court or judge thereof upon the ground of unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section of 2284 of this title.

■ Plaintiffs are challenging a statute of statewide application on the grounds that it is unconstitutional. It is necessary to enjoin state officials to prevent its enforcement. The court concludes that plaintiffs have properly met the requirements of the statute and pursuant to 28 U.S.C. § 2284 the court will notify the Chief Judge of this Circuit that an application for a three-judge court has been made.

Since the court is granting plaintiffs' motion for a three-judge court, plaintiffs' remaining motions which are on grounds other than preemption will continue pending. Likewise defendants' motion to abstain will remain pending.

Upon the foregoing,

IT IS ORDERED That plaintiffs' motion for preliminary injunction and summary judgment on the grounds of preemption be, and the same hereby is in all respects denied.

IT IS FURTHER ORDERED That plaintiffs' motion to convene a three-judge court be, and the same hereby is in all respects granted.