ASHLAND COUNTY, Respondent, vs. BAYFIELD COUNTY, Defendant : TOWN OF BAYFIELD, Appellant.

*November 17—December 19, 1944.*

The cause was submitted for the appellant on the brief of *Elizabeth Hawkes* of Washburn, and for the respondent on the brief of *Clarence V. Olson,* district attorney of Ashland county.

ROSENBERRY, C. J.  One Emma Boutin had a legal settlement in the town of Bayfield, Bayfield county.  She removed to Ashland where she immediately became a public charge, making an application for relief to the city of Ashland on the 4th day of March, 1940.  Notice of granting of aid on said date was given by the relief director for the city of Ashland and was served upon Bayfield county and the town of Bayfield on the 13th day of March, 1940.  No further notice from

any other governmental agency was thereafter served upon the defendant town at any time. On the 8th day of July, 1941, upon the application of the defendant town, a removal order was entered in accordance with the provisions of sec. 49.03 (9), Stats. This order was served upon the city clerk of the city of Ashland on the 14th day of July, 1941, and on that day service was made on Emma Boutin. The record discloses no service upon Ashland county or the relief department of Ashland county.

It was further stipulated that the amount of relief furnished on and prior to the 8th day of July, 1941, was due and payable.

The court held that the order of removal not having been served upon Ashland county, the town of Bayfield remained liable for the relief furnished to Emma Boutin.

Sec. 49.03 (9) provides: "When a poor person is given relief in some other county or municipality than the one in which he has a legal settlement, either county or municipality involved may apply to the county judge or municipal judge of its county or municipality for an order directing such poor person to return to the county or municipality of his legal settlement. . . . Upon the filing of such petition the county or municipal judge shall issue an order directing the poor person to return to such municipality, unless it shall clearly appear that such removal would be against his best interests. Upon issuance of any such order, no further public relief shall be given to the person to whom it is directed until he shall comply therewith."

It is to be noted that this statute contains no provision requiring service of the order, notice of hearing of the petition, or any other procedure than that the municipality involved shall apply, apparently by petition, for the order. This order the judge is directed to issue unless, in the exercise of his discretion, he finds it to be against the best interests of the poor person. No proceeding is had in court. The entire matter being before the judge, he acts in an administrative

rather than a judicial capacity. The statute then provides that such poor person shall be furnished no further relief. We discover no basis upon which it can be held that the county of Ashland can recover from the town of Bayfield for relief furnished after the making of the order. It is true that it is provided in sec. 49.03 (1), Stats., that persons sick, lame, or otherwise disabled shall receive such relief as the municipal board may deem just and necessary. However, sec. 49.03 (9) conditions this relief. Relief is to be given if the person applying therefor has not been ordered to return to the place of his residence. If such an order has been made, and the poor person has declined to comply therewith, the statute provides "No further public relief shall be given to the person to whom it is directed." As already stated, there is no statutory requirement that the order shall be served upon anyone.

In disposing of the case, the trial court said:

"It seems to us under the provisions of 49.03 ordinarily speaking the county would be a proper party to bring an action for the recovery of the relief which was furnished, and also there is no question but that the county had a right to furnish the relief. In view of this it seems to us that the removal order would have to be served on Ashland county in order to be effective so far as the county is concerned. This seems to us to be elemental and it would not be either just or equitable to bind Ashland county unless a copy of the removal order had been served on them."

Equitable considerations do not enter into the solution of the problem presented by this record. Counties or municipalities do not have a right to furnish relief under the statute. They are under a duty to do so. The extent of the duty of the county or of the municipality is fixed by statute. Having furnished relief in accordance with the terms of the statute, the county then has a right to recover for the relief furnished. If, however, the relief is furnished in violation of the terms of the statute, no equities arise and no recovery can be had.

The order of the county judge is not a judgment or order of a court. It is a direction made by the county judge under the authority conferred upon him under sec. 49.03 (9), Stats. It partakes of none of the qualities of a court order.

It may well be that the statute is in some respects incomplete, but it is perfectly plain and clear under the statute, as it stands, that, before any municipality other than that of the poor person's legal settlement furnishes relief, it is its duty to inquire whether such an order has been entered, because, if it has, the poor person is not entitled to relief from any municipality except that of the poor person's legal settlement.

A poor person might remove to a distant place after the making of such an order. The municipality is under no duty to follow the poor person to other places and serve upon whatever municipality the poor person decides to locate in or to procure another order.

*By the Court.*—The order appealed from is reversed, and cause is remanded with directions to the trial court to vacate and set aside the order of the state department of public welfare, division of public assistance, entered on March 30, 1943.