STATE EX REL. ARTEAGA, Appellant, v. SILVERMAN, Director, Milwaukee County Department of Public Welfare and another, Respondents.

*No. 212.  Argued October 5, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 538.)

For the appellant there was a brief by *Steven H. Steinglass* and *Richard M. Klein,* both of Milwaukee, and oral argument by *Mr. Steinglass.*

For the respondents there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *Gerard S. Paradowski,* assistant corporation counsel, and oral argument by *Mr. Paradowski.*

CONNOR T. HANSEN, J. The parties have stipulated that the facts in this case are those as set forth in the memorandum decision of the trial court.

Petitioner came to Milwaukee in October, 1970, from his prior place of residence in Texas. Upon his arrival in Milwaukee, he applied for and received general relief from the department of public welfare of Milwaukee county. Soon thereafter, through his own efforts, he obtained employment at St. Francis Hospital. He maintained that employment from October 30, 1970, until he departed from Milwaukee on May 7, 1971.

May 7, 1971, petitioner terminated his employment and took his wife, child, and father-in-law to Texas. The purpose of this trip was to transport his father-in-

law to Texas so that his father-in-law could be with his family, including an injured child, when his father-in-law's family moved to Snyder, Colorado. Petitioner transported his wife, child and father-in-law to Texas and then assisted his father-in-law's family move to Colorado by taking four of their children with him. In Colorado, petitioner found employment for a week-and-a-half in order to earn enough money to transport his family back to Milwaukee. When petitioner left Milwaukee, it had been his intention to return. In fact, his rent was due on the fifth of the month and he paid the May rent before leaving for Texas.

Before leaving Milwaukee, petitioner had sought permission from his supervisor at his place of employment to take time off. Permission was denied and petitioner was admonished that if he left, his employment would be terminated and unavailable to him upon his return to Milwaukee.

Upon petitioner's return to Milwaukee, he was unable to find employment. June 16, 1971, petitioner applied for general relief from the department of public welfare for Milwaukee county. Although petitioner was willing to comply with all work requirements imposed by the Milwaukee county department of public welfare, his application was denied because he had voluntarily left his last place of employment.

Petitioner appealed this denial of general relief and on July 7, 1971, a hearing was held by the department of public welfare of Milwaukee county.[1] July 12, 1971, a decision was rendered in which petitioner was found to have "voluntarily and without valid reason left his

---

[1] The hearing is authorized by sec. II, Administrative Methods, 10–1–70, "Fair Hearing," contained in Ch. IX–2A, County Manual, Department of Public Welfare. *See: Goldberg v. Kelly* (1970), 397 U. S. 254, 90 Sup. Ct. 1011, 25 L. Ed. 2d 287. The case at bar does not raise the issue of procedural due process.

place of employment after having been informed that his position would not be available to him if he did so." Pursuant to general assistance policy procedure as set forth in 71–87,[2] promulgated by respondents, aid to petitioner was terminated.

The instant mandamus proceeding followed this termination of assistance.

## Issues.

1. Are otherwise eligible persons who are presently unable to find employment "dependent persons" within the meaning of secs. 49.01 (4) and 49.02, Stats., regardless of their having voluntarily left private employment sometime in the past?

2. Does sec. 49.002, Stats., deny general relief to those who have voluntarily left private employment in the past, regardless of their current willingness to work and their eligibility and need as "dependent persons?"

*Was petitioner a "dependent person" within the meaning of secs. 49.02 and 49.01 (4), Stats.?*

Respondents, as officials of the department of public welfare of Milwaukee county, have a statutory duty, pur-

---

[2] 71–87 states the "valid" reasons for quitting a job are:

"a. Health of applicant as verified by written doctor excuse.

"b. Health of immediate family member necessitating the applicant to be needed at home. Verified by doctor's statement.

"(1) Spouse or child ill and/or in hospital with lack of child care.

"(2) Death of immediate family member-spouse, sibling, grandparents, in-laws, sibling of spouse, etc., to attend funeral.

"c. Inability to perform assigned tasks. Must be verified by employer and must be willing to accept another job.

"d. Weather conditions. Extreme heat, cold, snow, etc.

"e. Lack of transportation. Must be verified.

"f. Other private employment. Verified."

suant to sec. 49.02, Stats., to furnish relief to all qualified applicants.[3]

Sec. 49.02, Stats., provides, in part:

". . . (1) Every municipality shall furnish relief only to all eligible dependent persons therein and shall establish or designate an official or agency to administer the same.

"(2) Every county may furnish relief only to all eligible dependent persons within the county but not having a legal settlement therein, and if it elects to do so, it shall establish or designate an official or agency to administer the same.
". . .

"(6) Officials and agencies administering relief shall assist dependent persons to regain a condition of self-support through every proper means at their disposal and shall give such service and counsel to those likely to become dependent as may prevent such dependency."

This court has held that counties or municipalities do not furnish relief under the statute as a matter of right, but are under a duty to do so. *Ashland County v. Bayfield County* (1944), 246 Wis. 315, 318, 16 N. W. 2d 809. The determination of whether applicants for relief, under sec. 49.02, are "dependent persons" is a question of fact that is not left to the discretion of local welfare officials. *Outagamie County v. Town of Brooklyn* (1962),

---

[3] The primary obligation rests on the municipalities, pursuant to sec. 49.02(1), Stats., unless the county has assumed the obligation under sec. 49.03, Stats. In Milwaukee county, the general relief program is administered by the Milwaukee county department of public welfare under the provisions of sec. 49.51, Stats. Sec. 49.51 (2) (a) provides, in part:

". . . The county department of public welfare shall have the following functions, duties and powers, and such other welfare functions as may be delegated to it:
". . .

"6. The administration of relief under sections 49.02 and 49.03 in the event that the county administers relief under those sections."

18 Wis. 2d 303, 311, 312, 118 N. W. 2d 201. Therefore, if petitioner, an applicant for general relief, is as a matter of fact a "dependent person," the respondents, as the relief conferring officials, are under a statutory duty to provide relief,[4] and mandamus is the proper remedy to compel respondents to perform their duty.

As used within the context of ch. 49, sec. 49.01 (4), Stats., defines the term "dependent person" as:

" 'Dependent person' or 'dependent' means a person without the *present* available money or income or property or credit, or other means by which the same *can be presently* obtained, sufficient to provide the necessary commodities and services . . . ." (Emphasis supplied.)

There is no issue as to the reason petitioner was denied his request for general relief. Petitioner was denied general relief because, at the time of his application, he was unemployed as a result of his previous voluntary termination of his employment with St. Francis Hospital.

The term "dependent person" is defined to relate to a person's present economic situation. The statute provides that a "dependent person" is one without the "present" available money or income, or property or credit, or other means by which the same can be "presently" obtained, sufficient to provide the necessities of life. It is petitioner's present condition of being unable to provide for himself the necessities of life that classifies him as a "dependent person" and entitles him to relief. A person who presently has an available job could be considered to have the "other means," however, the record indicates that petitioner does not presently have an available job.

Under the facts of this case, respondents were not authorized by the language of sec. 49.01 (4), Stats.,

---

[4] In the case at bar, the parties agreed that appellant was "eligible" for general relief as that term is used in secs. 49.01 (2) and 49.02, Stats.

to rely on petitioner's past conduct as the cause of his present "dependent person" status, and thereby terminate his assistance. Petitioner is a "dependent person" within the meaning of that term as used in secs. 49.02 and 49.01 (4).

> *Should petitioner be denied assistance under*
> *sec. 49.002, Stats.?*

Respondents argue that the legislature, pursuant to the enactment in 1969 of sec. 49.002, Stats.,[5] has expressed a policy that an otherwise eligible person who was presently willing but unable to find employment should be denied relief because he had voluntarily left private employment sometime in the past. Sec. 49.002 provides:

"**Legislative declaration.** It is declared to be legislative policy that all recipients of general relief shall have maximum exposure to job training and job opportunities through the Wisconsin state employment service as well as other government agencies. Refusal of a bona fide offer of employment or training without good cause, or acceptance and subsequent inadequate performance through wilful neglect, shall necessitate that local, municipal or county welfare officials discontinue general relief payments to such individual. Any Wisconsin taxpayer shall have standing in the circuit court for the purpose of obtaining an injunction to enforce the policy set forth in this section. All personnel shall do their best to get individuals off general relief and into self-supporting productive jobs."

Sec. 49.002, Stats., establishes a condition for continued eligibility for general relief, not a bar to initial eligibility. The legislature has indicated that those recipients who have available a job opportunity should not be considered eligible for general relief. Those

---

[5] Ch. 154, sec. 163m.

recipients that refuse a bona fide offer of employment without good cause, or who accept and inadequately perform through "wilful neglect" will be considered to have the available means of self-support and shall have their general relief discontinued. The recipient is given a choice—conform your conduct to the work requirement, or your general relief will be discontinued. General relief represents the last means of subsistence for those who have no other means of obtaining the necessities of life.

It appears to us that the express purpose of sec. 49.002, Stats., is to encourage relief recipients to obtain private employment so as to become self-supporting. While a "dependent person" is entitled to general relief, he may be assigned to a work project [6] or referred to private employment or job training.[7] Such activity and direction by welfare authorities tends to implement the declarations set forth in sec. 49.002.

Sec. 49.002, Stats., establishes conditions, and those receiving general assistance must comply with them. It is undisputed in the present case that petitioner is willing to conform to the requirements of the statute. We do not believe that the single voluntary termination of employment by petitioner could or should be construed as a pattern of voluntary terminations indicative of the absence of willingness to conform to the provisions of sec. 49.002.

We are of the opinion that petitioner is a "dependent person" as defined by secs. 49.01 (4) and 49.02, Stats., and should not have been denied assistance under sec. 49.002. Once arriving at this conclusion, we do not reach the other issues raised on this appeal.

*By the Court.*—Order reversed and cause remanded with directions to grant the relief requested by petitioner.

---

[6] Sec. 49.05, Stats.

[7] Sec. 49.002, Stats.