**Margaret PURNELL et al., Plaintiffs,**

**v.**

**Joel EDELMAN et al., Defendants.**

**No. 72C615.**

United States District Court,
N. D. Illinois, E. D.

Nov. 2, 1973.

Marianne R. Smigelskis, Jonathan M. Hyman, Alan Dockterman, Chicago, Ill., for plaintiffs.

George Grumley, Chicago, Ill., for defendants.

### MEMORANDUM OF DECISION

LYNCH, District Judge.

The above captioned case is before this Court on cross-motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After examining the verified pleadings, interrogatories and depositions, affidavits

filed by the parties, as well as the stipulations and exhibits submitted by the parties in compliance with this Court's pretrial order, this Court has determined that there is no genuine issue as to any material fact and that the plaintiffs are entitled to a judgment as a matter of law.

## I

The essential facts of the case are undisputed. The Illinois Department of Public Aid (IDPA) authorizes emergency assistance to restore the utility service of eligible public aid recipients when their utility services have been discontinued and they have no available resources to regain such services. The program is established and federally funded pursuant to Section 406(e)(1) of the Social Security Act, 42 U.S.C. Sec. 606(e)(1), which provides that emergency assistance is to be given to "avoid destitution." Federal regulations which implement the program require that emergency assistance be given "forthwith." 45 C.F.R. Sec. 233, 120(a)(5).

The IDPA program only grants assistance after utility service has actually been terminated. Even if an eligible aid recipient notifies the county public aid department that the utility company is preparing to discontinue her service and she has no resources to prevent it, the Department of Public Aid will refuse to act. Presently the regulations set forth in the IDPA Categorical Assistance Manual authorize emergency assistance only after actual termination of utility services.

## II

The primary legal issue presented by this case is whether the standards of the Social Security Act require Illinois to furnish emergency utility assistance while the recipient is still receiving utility service. (This Court determined on April 11, 1972, that the constitutional issues were not substantial, so the Court now proceeds solely on the statutory issue.) Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343(3) and (4).

The defendant contends that the IDPA's policy satisfies the statutory standard, "to avoid destitution." Under the Illinois plan, an emergency arises only after utility service is terminated by the utility company for failure of the recipient to pay his bill. At that time emergency assistance is available. It is the plaintiff's position that in refusing to grant assistance to prevent a termination of utility services when that termination is imminent and absolutely unavoidable, the Illinois Emergency Assistance Program does not effectively avoid destitution or provide assistance rapidly enough to comply with the statutory provision.

The Court believes that the failure to give timely assistance occurs when the IDPA permits the utility service to be discontinued, especially when it will authorize the necessary funds immediately after termination. In refusing to authorize assistance when the termination of service is imminent and otherwise unavoidable, this Court holds that this failure constitutes a violation of IDPA's duty pursuant to 45 C.F.R. Sec. 233, 120(a)(5) to provide assistance "forthwith" when confronted with an emergency situation.

In a case which was concerned with the application of rules and regulations similar to those now before this Court, a Pennsylvania court stated that:

"It is clearly the intent of these statutes and regulations that in view of the crisis nature of the circumstances in which emergency assistance is provided for, such assistance must be furnished immediately and without any undue delay." Adens v. Sailer, 312 F.Supp. 923 at 927 (1970).

The Court finds no merit in the defendants' argument that since they are not required to adopt an emergency assistance program, they can operate it in virtually any way they please. Federal law does not require them to adopt any welfare program at all. See Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971). However, once the

state has accepted federal money it is bound to follow the federal law. The state may have some discretion in establishing what kinds of destitution it seeks to avoid, but once it identifies a certain type of destitution it must act in any way that avoids that destitution.

In this case, the State has determined that being without utilities constitutes destitution—it gives emergency assistance to provide utility service. For those recipients who have reached the point where they cannot forestall discontinuance of utility service, and that is the only situation with which we are concerned in the present case, the only effective way to avoid destitution is to provide assistance when the termination of utility service is imminent and unavoidable. Federal law requires no less.

### III

Plaintiff's motion for Summary Judgment is hereby granted and defendant's motion for Summary Judgment is hereby denied. Plaintiffs are hereby ordered to submit a draft order to this Court in accord with this decision.