Marin GARCIA et al., Plaintiffs,

v.

Arthur SILVERMAN et al.,
Defendants.

No. 75–C–37.

United States District Court,
E. D. Wisconsin.

April 11, 1975.

Milwaukee Legal Services by Patricia D. McMahon, Steven H. Steinglass, Alexandra L. Waeffler, Lawrence G. Albrecht, Milwaukee, Wis., for plaintiffs.

Robert P. Russel, Corp. Counsel by James T. McClutchy, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiffs' motions for a preliminary injunction and for an order certifying this suit as a class action. I conclude that the plaintiffs' motions should be granted.

### I. BACKGROUND

This action was commenced on January 22, 1975, by a complaint alleging violation of 42 U.S.C. §§ 1983 and 1988. The complaint also states a pendent claim for relief based upon alleged noncompliance with Wisconsin law.

The thrust of the plaintiffs' complaint is the defendants' use of a "two-quit rule" to deny to otherwise eligible applicants the general relief benefits set forth in Wis.Stat. §§ 49.002–.175 (1971). The "two-quit rule", which will be referred to in this decision relates to the invalid loss of employment or employment opportunity by an applicant on two prior occasions. Utilization of this rule is claimed to infringe the defendants' constitutional rights to due process and equal protection under the fourteenth amendment and to violate the proscription against cruel and unusual punishment contained in the eighth amendment. Further, it is averred that the two-quit rule is contrary to Wis.Stat. §§

49.01, .02 (1971), as well as a Milwaukee county board resolution, file no. 73–51.

On January 28, 1975, a hearing on the plaintiffs' motion for a temporary restraining order was held. Subsequently, interim relief was granted which enjoined the defendants from, among other things, "irrebuttably presuming that a given number of past terminations of employment evidences a current unwillingness to work." The temporary restraining order was applicable to the named plaintiffs only.

## II. MOTION FOR PRELIMINARY INJUNCTION

A preliminary injunction may be granted when the plaintiff demonstrates: (1) substantial likelihood of prevailing on the merits; (2) irreparable injury if interim relief is not granted; (3) the public interest will be served by granting the injunction; and (4) no undue harm will result to other parties. See Allison v. Froehlke, 470 F. 2d 1123 (5th Cir. 1972). The defendants challenge only the plaintiffs' ability to demonstrate the first element listed above. Furthermore, I believe that the record establishes the existence of the latter three elements in any event. Accordingly, as to the motion for preliminary injunction, the only issue which requires discussion is whether the plaintiffs have shown a substantial likelihood of success on the merits. In my opinion, the plaintiffs have met their burden in this regard.

I am not persuaded the plaintiffs are likely to prevail on their pendent state claim. As a consequence, I am compelled to consider the plaintiffs' constitutional arguments.

The plaintiffs assert that the defendants utilize a two-quit rule to deny benefits to otherwise eligible general relief applicants. Use of this rule is said to offend the due process clause of the fourteenth amendment. The defendants deny both of these contentions.

I find that the defendants are employing a two-quit rule to deny benefits to those who otherwise meet the eligibility requirements for general relief provided in Wis.Stat. §§ 49.01 and .02, except, pursuant to the temporary restraining order previously entered as to the named plaintiffs in this action.

The two-quit rule is embodied in an inter-office memorandum dated May 16, 1973, (file no. 73–50) and signed by the defendant, Frank R. Pokorny. It is this:

"An applicant is considered unwilling to conform to Section 49.002 and ineligible for General Assistance if it can be shown that there is an established pattern (more than once) of having quit or having been fired through his own neglect with respect to prior employment or training during the past 12 months." Complaint, exhibit 1.

The defendants acknowledge that the two-quit rule is utilized at the application intake level, but it is claimed that the administrative hearing examiner, the defendant Richard S. Tilsen, is free to ignore the rule on appeal from an intake denial. However, after examining each submitted decision of Mr. Tilsen denying general assistance to an applicant, I am convinced that the two-quit rule has been uniformly applied when the applicant's work history shows two invalid job losses. Thus if the two-quit rule violates the Constitution, as I believe that it does, an injunction is necessary to afford the plaintiffs adequate protection.

I also have little hesitancy in concluding that the two-quit rule creates an impermissible, irrebuttable presumption that otherwise eligible applicants are presently unwilling to comply with Wis.Stat. § 49.002.

In State ex rel. Arteaga v. Silverman, 56 Wis.2d 110, 118, 201 N.W.2d 538 (1972), the Wisconsin supreme court inferentially recognized that aside from the requirements that an applicant for general relief be an "eligible," "dependent" person within the meaning of Wis. Stat. §§ 49.01(7), 49.01(4), and 49.02,

such applicant to be eligible must also be willing to conform to the provisions of Wis.Stat. § 49.002, which states in part:

> "It is declared to be legislative policy that all recipients of general relief shall have maximum exposure to job training and job opportunities, through the Wisconsin state employment service as well as other government agencies. Refusal of a bona fide offer of employment or training without good cause, or acceptance and subsequent inadequate performance through wilful neglect, shall necessitate that local, municipal or county welfare officials discontinue general relief payments to such individual."

Under the two-quit rule, a determination of present unwillingness to conform to § 49.002 is mandatory if, in the 12 month period prior to the application, the applicant has lost two jobs for what the defendants consider to be invalid reasons. This rule thus precludes consideration of other evidence the applicant might submit as to his current mental state, including facts and circumstances arising subsequent to the last of the two job losses.

It is clear that the relationship between the primary fact (two invalid job losses within the last 12 months) and the presumed fact (present unwillingness to conform to § 49.002) is not one which is "necessarily or universally true in fact . . .." Vlandis v. Kline, 412 U.S. 441, 452, 93 S.Ct. 2230, 2236, 37 L. Ed.2d 63 (1973). Indeed, the circumstances shaping an applicant's mental attitude toward work at a time in the past when he did not need to resort to general relief may be vastly different from the circumstances present when application is made for a program described as "the last means of subsistence for those who have no other means of obtaining the necessities of life." State ex rel. Arteaga v. Silverman, *supra,* 56 Wis.2d at 118, 201 N.W.2d at 542. The force of this observation is only partially diminished for the named plaintiffs, each of whom had lost a job while on general relief as one of the two prior invalid quits.

It is certainly plausible that the passage of even a short period of time after removal from general relief for violation of § 49.002 might have taught a destitute applicant in the plaintiffs' shoes that the willingness to work (to conform to § 49.002) is the only means of sustaining himself. Thus, it does not necessarily follow that one whose general relief was terminated pursuant to § 49.-002 yesterday lacks the required willingness to conform to § 49.002 today.

I, therefore, conclude that an applicant's conduct as manifested by his work history, no matter how indicative of unwillingness to conform to § 49.002 at the time of that conduct, does not justify the use of an irrebuttable presumption of current unwillingness to work. Utilizing any such presumption to deny general relief to an otherwise eligible applicant offends the due process clause of the fourteenth amendment. See Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); United States Department of Agriculture v. Murray, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973). The defendants must, at every stage of the application, seriously consider whatever evidence an applicant might produce which bears on his willingness to conform to § 49.002 on the date general relief is sought.

To assure that the defendants afford the plaintiffs the relief I deem appropriate, it is proper to require that the already obligatory written statement of reasons for a denial reflect what facts, aside from work history, were considered in determining whether an applicant is presently unwilling to conform to Wis.Stat. § 49.002. See Alexander v. Silverman, 356 F.Supp. 1179 (E.D.Wis. 1973).

Some of the named plaintiffs and members of the proposed class have claimed medical inability to work. For these individuals, assessing willingness to conform to § 49.002 simply does not make sense. Accordingly, when the de-

fendants are satisfied that an applicant is medically unable to work, any use of prior work history to deny general assistance benefits is improper.

## III. MOTION FOR CLASS ACTION DETERMINATION

■ The plaintiffs' motion for a class action determination has gone unopposed by the defendants, except insofar as the answer denies the plaintiffs' class action allegations. I find that the plaintiffs have met their burden to establish the requisites for class action maintainability prescribed by Rule 23, Federal Rules of Civil Procedure.

A proposed order submitted by the plaintiffs would delineate the class as follows:

"All persons in Milwaukee County who are otherwise eligible for general relief but whose applications for general relief have been or will be denied and whose eligibility for general relief is suspended for as long as twelve (12) months solely because of their failure to satisfy the Milwaukee County Department of Public Welfare retroactive work requirement, irrespective of their current willingness or ability to work."

As defined above, the record amply demonstrates that this class of persons meets the requirements of Rule 23(a), Federal Rules of Civil Procedure, which provides:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

I find the first element of Rule 23(a), Federal Rules of Civil Procedure, is satisfied upon considering Linda Sue An-

dersen's affidavit, filed January 28, 1973, together with the plaintiffs' allegation in ¶ 16(a) of the complaint that the class consists of more than 500 persons. Moreover, the existence of the second, third and fourth elements is manifested by conclusions stated earlier in this opinion with reference to the motion for preliminary injunction.

I am similarly persuaded by the record in this case, with particular reference to the affidavits on file, that the plaintiffs' proposed class fits the description of Rule 23(b)(2), Federal Rules of Civil Procedure. The motion for certification of this suit as a class action should consequently be granted.

Therefore, it is ordered that this action may be maintained as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, on behalf of the following class: All persons in Milwaukee County who are otherwise eligible for general relief pursuant to Wis.Stat. §§ 49.01, .02 (1971), but whose applications for general relief have been or will be denied and whose eligibility for general relief is suspended for as long as twelve (12) months solely because of their failure to satisfy the Milwaukee County department of public welfare's two-quit rule, irrespective of their current willingness or ability to work.

It is also ordered that the plaintiffs' motion for a preliminary injunction be and hereby is granted, both as to the named plaintiffs and the class they represent.

It is further ordered that the defendants in this action be and hereby are preliminarily enjoined until such time as a final determination is made on the merits of the plaintiffs' claims from continuing to apply their two-quit rule to the extent that they are ordered as follows:

(1) In considering whether applicants for general relief are currently willing to work or are otherwise willing to conform to the requirements of Wis.Stat. § 49.002 (1971), the defendants shall not irrebuttably presume that any given

number of prior employment terminations or quits or failures to report to employment is conclusive evidence of an unwillingness to work or otherwise conform to § 49.002; in making this determination, the defendants must consider any evidence offered by the applicant to demonstrate that he is currently willing to accept job employment opportunities or job training;

(2) Where applications for general relief are denied because the defendants have concluded that the applicants are currently unwilling to work or are otherwise unwilling to conform to the requirements of Wis.Stat. § 49.002 (1971), the defendants shall include in the written notice of denial provided pursuant to Alexander v. Silverman, 356 F.Supp. 1179 (E.D.Wis.1973), a statement of what facts, aside from work history, were considered in determining whether an applicant is presently willing to conform to Wis.Stat. § 49.002 (1971);

(3) In determining eligibility for general relief, the defendants shall not deny general relief to any applicant who is otherwise eligible for general relief pursuant to Wis.Stat. §§ 49.01, .02 (1971), where such applicant is currently medically unable to work;

(4) In those cases where a plaintiff or a member of the class represented by the plaintiffs is found eligible for general relief, the defendants shall deem such persons eligible as of the date of application and shall make any general relief grants effective as of that date;

It is further ordered that this preliminary injunction shall be binding upon the defendant Arthur Silverman, director of the Milwaukee County department of public welfare; the defendant Frank R. Pokorny, supervisor of the financial assistance division of the Milwaukee County department of public welfare; the defendant Andrew J. Geiger, Jr., supervisor of the application section of the financial assistance division of the Milwaukee County department of public welfare; the defendant Della Cantrell, case aide supervisor in the application section of the financial assistance division of the Milwaukee County department of public welfare; the defendant Richard S. Tilsen, appeal examiner in the Milwaukee County department of public welfare; and their agents, employees, successors in office, assistants, and upon all others acting in concert or cooperation with them or at their direction or under their control.

It is further ordered that the supervisor of the application section of the financial assistance division of the Milwaukee County department of public welfare, the defendant Andrew J. Geiger, Jr., shall, within three (3) days of receipt of notice of entry of this order, cause a copy of this order to be provided to each case aide, intake worker and all other persons employed by the Milwaukee County department of public welfare and responsible in any way for processing general relief applications or determining eligibility for general relief.

## ORDER

To avoid the possibility that the order of this court dated April 11, 1975, might be construed to require payments of general relief barred by the eleventh amendment, the court on its own motion deems it appropriate to amend the preliminary injunctive relief granted in this case. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1971); Vargas v. Trainor, 508 F.2d 485 (7th Cir. 1974).

Therefore, it is ordered that subparagraph (4) on pages 8 and 9 of the decision and order dated April 11, 1975, be and hereby is amended to state as follows:

(4) In those cases where a plaintiff or a member of the class represented by the plaintiffs is found eligible for general relief, the defendants shall deem such person eligible as of the date of application or as of the date of this order (April 11, 1975), whichever is later, and shall make any general relief grants effective as of that date.