Donald KOZINSKI and Kathleen Kozinski, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Wilbur J. SCHMIDT et al., Defendants.

No. 75–C–650.

United States District Court,
E. D. Wisconsin.

Dec. 11, 1975.

Milwaukee Legal Services, Inc., by H. Steinglass and Anne L. DeLeo, Milwaukee, Wis., for plaintiffs.

Bronson C. LaFollette, Atty. Gen. by Ward L. Johnson, Jr., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has filed a motion pursuant to Rule 23(c), Federal Rules of Civil Procedure, for a determination that this case may be maintained as a class action. Also pending is the plaintiffs' motion for a preliminary injunction. The defendants have moved to dismiss. I conclude that a preliminary injunction for the benefit of the class proposed by the plaintiff should issue and that the defendants' dismissal motion should be denied.

Along with their motion for a preliminary injunction, the plaintiffs have submitted a proposed order. The defendants have expressed no disagreement with the suggested findings of fact contained in the order, and such facts are fully supported by the record. Accordingly, the findings of fact contained in the proposed order are hereby adopted as those of the court for purposes of the instant motions, except to the extent that the plaintiffs' circumstances have changed as reflected in their supplementary affidavit filed on November 19, 1975.

The plaintiff's supplementary affidavit reveals that between the date the verified complaint was filed and November 19, 1975, the plaintiffs have received disability payments, and a short term loan from the emergency heating program; the plaintiffs also expected to receive on or about November 26, 1975, monies resulting from Mr. Kozinski's return to work. Nevertheless, the arrearages on

the gas, electric, and rental bills leave the plaintiffs with substantial risk of a utilities service cutoff and eviction. In addition, the affidavits of Don Koemmerer and Anthony J. Maggiore lend support to the contention that the plaintiffs have nowhere to turn except to the Wisconsin emergency assistance program challenged in this lawsuit. In short, the plaintiffs' circumstances remain serious and emergent.

■■ I find that the plaintiffs' constitutional claims (due process and equal protection infirmities made pursuant to 42 U.S.C. sec. 1983) are sufficiently substantial to support federal jurisdiction under 28 U.S.C. sec. 1343(3). I also find that there is viable pendent jurisdiction to consider the statutory conflict claim based upon the supremacy clause of the Constitution.

■ Moreover, it is appropriate for me, as a single judge, to entertain the "statutory" claim without convening a three-judge panel. The Supreme Court has noted that in cases such as this where, in addition to constitutional challenges, it is claimed that a state statute must be struck down for inconsistency with *controlling* federal legislation by virtue of the supremacy clause, the better practice is for a single judge to dispose of the case if possible on this so-called "statutory" ground without convening a three-judge panel. Explaining this concept, the Court said in *Hagans v. Lavine*, 415 U.S. 528, 543–45, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577, 591 (1974):

"The procedure followed by the District Court—initial determination of substantiality and then adjudication of the 'statutory' claim without convening a three-judge court—may appear at odds with some of our prior decisions. See, *e. g., Engineers v. Chicago, R. I & P. R. Co.*, 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501 (1966); *Florida Lime & Avocado Growers v. Jacobsen*, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960). But, we think it accurately reflects the recent evolution of three-judge-court jurisprudence, 'this Court's concern for efficient operation of the lower federal courts,' and 'the constrictive view of the three-judge [court] jurisdiction which this Court has traditionally taken.' *Swift & Co. v. Wickham, supra*, 382 U.S. [111], at 128, 129, 86 S.Ct. [258] at 268 [15 L.Ed.2d 194] (citations omitted). . . .

"It is true that the constitutional claim would warrant convening a three-judge court and that if a single judge rejects the statutory claim, a three-judge court must be called to consider the constitutional issue. Nevertheless, the coincidence of a constitutional and statutory claim should not automatically require a single-judge district court to defer to a three-judge panel, which, in view of what we have said in *Rosado v. Wyman, supra* [397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442], could then merely pass the statutory claim back to the single judge. See *Kelly v. Illinois Bell Telephone Co.*, 325 F.2d 148, 151 (CA7 1963); *Chicago, Duluth & Georgian Bay Transit Co. v. Nims*, 252 F.2d 317, 319–320 (CA6 1958); *Doe v. Lavine*, 347 F.Supp. 357, 359–360 (S.D.N.Y. 1972); cf. *Bryant v. Carleson*, 444 F.2d 353, 358–359 (CA9 1971). 'In fact, it would be grossly inefficient to send a three-judge court a claim which will only be sent immediately back. This inefficiency is especially apparent if the single judge's decision resolves the case, for there is then no need to convene the three-judge court.' *Norton v. Richardson*, 352 F.Supp. 596, 599 (D.C. Md.1972) (citations omitted). Section 2281 does not forbid this practice, and we are not inclined to read that statute 'in isolation with mutilating literalness . . . .'" *Florida Lime & Avocado Growers v. Jacobsen, supra*, 362 U.S., at 94, 80 S.Ct., at 581 [4 L.Ed.2d 568] (Frankfurter, J., dissenting)."

My assessment of the strength of the plaintiff's "statutory" claim renders use of the *Hagans* technique fully warranted.

■ In my view, the plaintiffs are likely to succeed on their claim that the

limitations on eligibility for emergency assistance imposed by Wis.Stat. sec. 49.-19(11)(b) (1973) as recreated by Chapter 39, Laws of 1975, are unlawful because such limitations are inconsistent with pertinent provisions of the Social Security Act contained in 42 U.S.C. sec. 606(e). *Mandley v. Trainor*, 523 F.2d 415 (7th Cir., 1975); *Williams v. Wohlgemuth*, 400 F.Supp. 1309 (E.D.Pa.1975). The plaintiffs are entitled to emergency assistance payments to ensure that utility services are not terminated and to prevent impending eviction; the plaintiffs cannot be made to wait until utility services are cut off or until eviction is a reality. See *Purnell v. Edelman*, 365 F.Supp. 499 (N.D.Ill.1973), aff'd in part and vacated in part on other grounds, 511 F.2d 1248 (7th Cir. 1975).

▮ The defendants urge that the relief sought by the plaintiff is barred by the eleventh amendment. However, the injunction sought is prospective only and thus does not run afoul of the eleventh amendment. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Vargas v. Trainor*, 508 F.2d 485 (7th Cir. 1974); *Garcia v. Silverman*, 393 F.Supp. 590 (E.D.Wis.1975).

▮ For the foregoing reasons, I hold that the plaintiffs have demonstrated the requisite probability of success on the merits. Also, the serious danger of loss of heat, utilities and shelter certainly constitutes an immediate threat of irreparable injury. Finally, the defendants have pointed to no harm which would befall them if an injunction were issued, aside from the necessary monetary outlay. However, such harm is avoidable in view of Wisconsin's power "to choose the level of benefits that it will provide and to set the standard of need." *Mandley v. Trainor, supra*, at 422. Thus, entry of a preliminary injunction is warranted; it also follows that the defendants' dismissal motion cannot be granted.

▮ The plaintiffs seek certification of a class of plaintiffs pursuant to Rule 23(b)(2), consisting of:

"all needy families with children in Wisconsin who are otherwise eligible to receive Emergency Assistance but who have been, are being and will be denied such Emergency Assistance to maintain or to restore their heat and utility services or to avoid evictions from their homes."

I am satisfied that each of the requisites for maintenance of a class action set forth in Rules 23(a) and (b)(2), Federal Rules of Civil Procedure, has been met. Accordingly, this action will be certified as maintainable on behalf of the class defined above. See *Williams v. Wohlgemuth, supra*, at 1314.

Therefore, IT IS ORDERED that the plaintiffs' motion for a determination that this action may be maintained as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, be and hereby is granted; such class shall consist of the following:

All needy families with children in Wisconsin who are otherwise eligible to receive emergency assistance but who have been, are being and will be denied such emergency assistance to maintain or to restore their heat and utility services or to avoid eviction from their homes.

IT IS ALSO ORDERED that the defendants' motion to dismiss this action be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is granted; the defendants, Wilbur J. Schmidt, his agents, employees, successors in office, assistants and all others acting in concert with him or at his direction and control, are hereby enjoined from limiting emergency assistance for the plaintiffs and the class they represent to cases of fire, flood or natural disaster and from failing to provide emergency assistance forthwith to otherwise eligible needy families with children who need such emergency assistance to avoid eviction from their homes or to maintain or restore heat or utility service in their homes; however, nothing in this order shall restrict the defendants' ability to

modify or rescind its participation in the federal emergency assistance program, and this order is applicable only to emergency assistance given by the defendants for which federal reimbursement is received pursuant to 42 U.S.C. sec. 606(e)(1).

IT IS FURTHER ORDERED that within one week from the date of this order, defendants Wilbur J. Schmidt or his successor in office, shall notify the director of every county welfare agency in the state of Wisconsin of the requirements of this order and of the fact that this order is binding upon them and upon all employees of their agency; a copy of such notification shall be provided to counsel for the plaintiff at the same time.